IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV300-MU-02

| | |
|---|---|
| DENNIS MILLER,<br>    Plaintiff,<br><br>    v.<br><br>HERB JACKSON, Superin-<br>  tendant of the Brown<br>  Creek Correctional In-<br>  stitution ("BCCI");<br>EDGAR TERRY, Food Service<br>  Manager at BCCI;<br>(FNU) HERRING, Food Ser-<br>  vice Supervisor at BCCI;<br>BOYD BENNETT, Director of<br>  North Carolina Depart-<br>  ment of Corrections;<br>RANDALL LEE, Superinten-<br>  dent of the Caldedonia<br>  Correctional Institu-<br>  tion; and<br>SIX UNKNOWN AGENTS, em-<br>  ployed as Food Service<br>  Officials, Superinten-<br>  dents, etc. with the<br>  North Carolina Depart-<br>  ment of Corrections,<br>    Defendants. | ORDER |

**THIS MATTER** comes before the Court on initial review of the plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed June 20, 2005. After careful consideration, for the reasons stated herein, the plaintiff's Complaint will be <u>dismissed</u> as

frivolous.

According to the Complaint, the plaintiff is an inmate in the custody of the North Carolina Department of Corrections. The plaintiff reportedly suffers from certain food allergies. As a result of those allergies, the plaintiff's prison records reportedly contain a Therapeutic Diet Order, indicating that he is allergic to "eggs, apples, corn, pears, white beans, carrots, potatoes, celery, tomatoes, lettuce, oranges and parsley."

Relevant to this law suit, the plaintiff first complains that on an occasion in January 2005, an inmate who was serving the "diet line" refused to give him his "prescribed drink." In response to his complaint about the matter, the plaintiff reports that he was ordered by defendant Herring to "get his juice from the container, in the dining hall, which was orange juice, being obtainable and accessible for the regular population meal." Notably, the plaintiff fails to state whether or not he drank the orange juice, or whether he experienced any illness as a result of having done so.

The plaintiff's other complaint is that on May 16, 2005, an inmate served him cabbage with carrots mixed into it. Once again, the plaintiff complained to defendant Herring about this matter. In response, defendant Herring directed the inmate to remove the cabbage/carrot mixture and replace it with two portions of cabbage. However, the plaintiff was dissatisfied

2

with that resolution, and questioned defendant Herring about it. At that point, defendant Herring reportedly advised the plaintiff that she was tired of his "mess"; she pointed out that he no longer had any carrots on his plate; and she told him that she did not care whether or not he accepted the tray. Again, however, the plaintiff does not allege that he ate the cabbage or that he became ill from having consumed it.

The plaintiff does assert that he filed grievances concerning these matters, but did not obtain any relief on them; and that on at least one other occasion, he was subjected to a similar incident while being housed at Caledonia Correctional Institution before his transfer to BCCI. However, the plaintiff failed to set forth any details regarding such incident at Caledonia.

Ultimately, the plaintiff maintains that the foregoing matters subjected him to numerous violations of his constitutional rights; and that he was a victim of attempted murder in violation of State law. Thus, the plaintiff has brought this <u>in forma pauperis</u> action against defendants Herring and several other personnel from BCCI, along with Director Bennett and others. By way of relief, the plaintiff seeks a declaratory judgment that his rights have been violated and, not surprisingly, he seeks tens of thousands of dollars from the defendants. Suffice it to say, however, the plaintiff is not entitled to any relief on

3

these allegations.

Critically, as has already been noted, the plaintiff has entirely failed to allege that he actually consumed the cabbage or orange juice on the two occasions in question. Moreover--and even more problematic for the plaintiff, he has not set forth a single allegation which suggests that he suffered any harm as a result of the two incidents.

However, it is well settled that in order to state a claim for relief on an allegation that a defendant has been deliberately indifferent to his needs, the plaintiff must allege facts which, at a minimum, show that the he suffered serious or significant physical and/or emotional injury as a result of that indifference. See Wilson v. Seiter, 501 U.S. 294, 302-03 (1991); White v. Gregory, 1 F.3ed 267, 269 (4th Cir. 1993); and Strickler v. Waters, 989 F.2d 1375 (4th Cir. 1993).

Thus, in the notable absence of an allegation that the plaintiff actually consumed the objectionable substances, or even a hint at any deleterious effects flowing from such consumption, the instant Complaint must be dismissed. See 28 U.S.C. §1915(3)-(2)(B)(1) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the [district] court shall dismiss [a case initially filed in forma pauperis] at any time if the court determines that . . . the action . . . is frivolous."); see also Roller v. Gunn, 107 F.3d 227, 233 (4th Cir. 1997) (noting

these allegations.

Critically, as has already been noted, the plaintiff has entirely failed to allege that he actually consumed the cabbage or orange juice on the two occasions in question. Moreover--and even more problematic for the plaintiff, he has not set forth a single allegation which suggests that he suffered any harm as a result of the two incidents.

However, it is well settled that in order to state a claim for relief on an allegation that a defendant has been deliberately indifferent to his needs, the plaintiff must allege facts which, at a minimum, show that the he suffered serious or significant physical and/or emotional injury as a result of that indifference. See Wilson v. Seiter, 501 U.S. 294, 302-03 (1991); White v. Gregory, 1 F.3ed 267, 269 (4th Cir. 1993); and Strickler v. Waters, 989 F.2d 1375 (4th Cir. 1993).

Thus, in the notable absence of an allegation that the plaintiff actually consumed the objectionable substances, or even a hint at any deleterious effects flowing from such consumption, the instant Complaint must be dismissed. See 28 U.S.C. §1915(3)-(2)(B)(1) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the [district] court shall dismiss [a case initially filed in forma pauperis] at any time if the court determines that . . . the action . . . is frivolous."); see also Roller v. Gunn, 107 F.3d 227, 233 (4th Cir. 1997) (noting

that "the goal of the [Prisoner Litigation Reform] Act--curbing frivolous IFP litigation--is clearly proper").

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's Complaint is **DISMISSED** as frivolous. 28 U.S.C. §1915(A)(b)(1).

**SO ORDERED.**

**Signed: July 7, 2005**

*Graham C. Mullen*
Graham C. Mullen
Chief United States District Judge